UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **MARIO GIBSON,** | : | Case No. 1:22-cv-773 |
| Plaintiff, | : | |
| vs. | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **LIEUTENANT LUCY YAW,** | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's unopposed Motion for Summary Judgment. (Doc. 19). The Undersigned **RECOMMENDS** that the Motion be **GRANTED** and this action be **DISMISSED without prejudice**.

I. BACKGROUND

Plaintiff filed this action on December 29, 2022. (Doc. 1). The lawsuit centers around a series of events that took place while Plaintiff was incarcerated at Madison Correctional Institution (MaCI) after his placement in a "TPU."[1] (Doc. 1-1 at 5). Plaintiff says his son suffered two gunshot wounds on August 20, 2022, and his mother tried to call MaCI to tell him about his son's condition. (*Id.*). Plaintiff claims that Defendant gave him a written message but did not let him make a phone call. (*Id.*). From August 23 until September 8, Plaintiff says he made "verbal request[s] daily" and sent paper "kite requests" to make phone calls about his son and about an

---

[1] At MaCI, "TPU" is defined as a "Transitional Programming Unit" that serves as "disciplinary housing." *See* Adam C. Miller, Jean Schmidt, and Hearcel F. Craig, Report on the Inspection and Evaluation of Madison Correctional Institution, Joint Comm. Ohio Gen. Assemb., at 17 (June 8, 2023), https://www.ciic.ohio.gov/ciic-api/public/files/ciic/ae7b093f-6679-4b44-b80f-e66932243f9d/v1/madison-correctional-institution-2023-announced-inspection-report.pdf (last accessed June 27, 2024).

appeal of his criminal conviction. (*Id.* at 5–7). But Plaintiff says Defendant and MaCI did not adequately address these requests or his complaints about Defendant. (*Id.* at 7).

As a result, on September 8, 2022, Plaintiff says he "was mentally frustrated" and "not mentally stable." (*Id.* at 7). Though he denies that he was suicidal or homicidal. (*Id.*). Still, Plaintiff boarded up his cell to protest Defendant's actions. (*Id.*). Then, Plaintiff alleges Defendant came to his cell and handcuffed him "punishingly tight." (*Id.* at 8). Plaintiff also says that when he asked Defendant to loosen the handcuffs, she told him she would not until he complied with her instructions. (*Id.*). According to Plaintiff, Defendant then placed him on a property restriction, put him in a suicide gown with no other clothing, and ordered him back in his cell with nothing but the gown and a mattress. (*Id.* (stating he had no clothes, hygiene products, toilet paper, towels, or wash cloths)).

Later that day, Plaintiff boarded up his cell again. (*Id.*). As a result, other correctional officers used mace on Plaintiff, which "burned [his] skin, penis, testic[les] made him use the bathroom on [himself] and embarrassed him." (*Id.* at 8–9). Plaintiff then alleges he was placed "in a dry cell for 24 hours" and denied bathroom access until the next morning. (*Id.* at 9). After that, Plaintiff was placed back in his cell, which "still reeked of mace." (*Id.*). Plaintiff claims he tried showering, but it made his "skin burn worse." (*Id.*). So, from September 9 until September 15, Plaintiff says he remained in his cell on a property restriction, meaning he slept on the floor or on a "metal bunk bed in the freez[ing] cold" with no mat, hygiene products, toothbrush, toothpaste, clothes, sheets, blankets, or toilet paper. (*Id.*). Plaintiff represents all he had during this time was a suicide gown and a blanket "with mace residue on it." (*Id.*). On September 15, Plaintiff was released from his property restriction. (*Id.* at 10).

2

Based upon these allegations, the Court previously allowed Plaintiff to proceed on an Eighth Amendment conditions of confinement claim against Defendant for his confinement from September 9, 2022, through September 15, 2022. (Doc. 9 at 1; Doc. 13 (adopting Doc. 9)). Defendant filed a timely Motion for Summary Judgment on April 8, 2024. (Doc. 19). This District's Local Rules give parties twenty-one days from the date of service of a motion to respond. *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion."). So, any response from Plaintiff was due on April 29, 2024. When Plaintiff did not respond by May 13, 2024, the Undersigned issued an order stating that if Plaintiff did not respond within ten days, Defendant's Motion would be treated as unopposed. (Doc. 20).

To date, Plaintiff has not responded. Therefore, the Undersigned treats the Motion as unopposed and ripe for review. (*See* Doc. 19).

**II.    STANDARD**

Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the burden is on the moving party to identify the basis of its motion and the portions of "the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" that show "the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the burden shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Even if a motion for summary judgment is unopposed, "the district court cannot grant [it] without first considering supporting evidence and whether the movant has met its burden." *Byrne*

*v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013). But "[i]t is not the duty of the district court . . . to search the entire record to determine whether there is a genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (Table), 2000 WL 1800475, at *2 (6th Cir. Nov. 28, 2000). Instead, "in the absence of a response, the court must review carefully the evidence that was designated by the moving party . . . and may rely on [that] party's unrebutted recitation of evidence in reaching a conclusion . . . that there is no genuine issue of material fact." *Id.* (citing *Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 406, 410 (6th Cir. 1992)).

### III. DISCUSSION

Defendant says she is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. (Doc. 19 at 5–6). The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (quoting 42 U.S.C. § 1997e(a)). To comply with this requirement, a prisoner must follow the applicable procedural rules at his correctional institution. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Said differently, a prisoner must "take advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process" to properly exhaust his claims. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal quotation omitted). Exhaustion is an affirmative defense that a defendant must plead and prove by a preponderance of the evidence. *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (citing *Jones*, 549 U.S. at 216). So, "a district court should grant summary judgment only if a defendant establishes that there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Lamb*, 52 F.4th at 292 (internal quotation omitted).

In Ohio, prisoners must follow a three-step grievance procedure. *See* Ohio Admin. Code § 5120-9-31. To begin the process, a prisoner must file an informal complaint within "fourteen calendar days of the date of the event giving rise to the complaint." *Id.* at § 5120-9-31(J)(1). This complaint must be filed with the direct supervisor or department "most directly responsible for the particular subject matter of the complaint." *Id.* Second, "[i]f the inmate is dissatisfied with the informal complaint response," he may file a notification of grievance with the inspector of institutional services. *Id.* at § 5120-9-31(J)(2). After that, "the inmate may file an appeal with the office of the chief inspector." *Id.* at § 5120-9-31(J)(3). Once the chief inspector decides the appeal, a prisoner has exhausted his administrative remedies. *Id.*; *Ball v. Ohio*, No. 2:20-cv-1759, 2020 WL 1956836, at *3 (S.D. Ohio Apr. 23, 2020) ("An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector."), *report and recommendation adopted*, No. 2:20-cv-1759, 2020 WL 2468742 (S.D. Ohio May 13, 2020).

In support of her Motion for Summary Judgment, Defendant offers an affidavit by Zachary Gould, the Inspector of Institutional Services for MaCI. (Doc. 19 at 22–25). In this role, Mr. Gould says he is responsible for "investigat[ing] formal grievances filed by inmates" and serves as the custodian of records for those grievances. (*Id.* at 22). According to Mr. Gould, in September 2022, prisoners at MaCI could file informal complaints through an electronic system called JPay or through paper forms, which he says "were available to all inmates, even if they were in segregation." (*Id.* at 24). In his affidavit, Mr. Gould represents that he "reviewed [Plaintiff's] grievance history" and determined that Plaintiff "did not file any informal complaints regarding the conditions of his living space during the period of time relevant to this lawsuit, nor any grievances against Defendant Lucy Yaw." (*Id.*).

As noted above, Plaintiff did not file a response to Defendant's Motion. Yet, in his Complaint, Plaintiff says that he asked to file a complaint on a kiosk, but his request was denied. (Doc. 1 at 3). Plaintiff further states that once he had access to the kiosk, it "was always down/offline." (*Id.*). At base, Plaintiff seemingly admits he did not file an informal complaint but alleges that the prison's grievance procedures were unavailable to him.

Exhaustion may be excused where a grievance process is unavailable, but to rely on this argument, "a prisoner must first demonstrate he made 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *English v. Neil*, No. 1:20-cv-884, 2024 WL 1770716, at *4 (S.D. Ohio Apr. 24, 2024) (quoting *Lamb*, 52 F.4th at 293), *report and recommendation adopted*, No. 1:20-cv-884, 2024 WL 2186452 (S.D. Ohio May 15, 2024). Yet here, Plaintiff provides no evidence to support his assertions. *Ornelas v. Los Arrieros, LLC*, 232 F. Supp. 3d 962, 967 (N.D. Ohio 2017) (stating parties "must produce evidence in support of and in opposition to a motion for summary judgment"). True, Plaintiff says that the "kiosk" was down and that he was denied use of it, which may explain why he did not file an informal complaint electronically. (Doc. 1-1 at 3). But this does not explain why Plaintiff did not complete a paper form. (*See* Doc. 19 at 24 (stating in an affidavit that informal complaint forms are available to all prisoners, even those in segregation)). Nor does it explain why Plaintiff did not submit a complaint once he was transferred to Ross Correctional Institution on September 20, 2022. (Doc. 1-1 at 11); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) ("Generally, the transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility unavailable for purposes of exhaustion." (internal quotation omitted)).

6

Once Defendant put forth evidence of Plaintiff's failure to exhaust, he was required "to present 'significant probative evidence' to defeat the motion for summary judgment[.]" *Napier,* 636 F.3d at 225. Plaintiff did not do so. As such, undisputed evidence shows he failed to complete step one of Ohio's grievance process—the filing of an informal complaint. In short, Defendant has met her burden. *See Martin v. Mohr*, No. 1:12-cv-281, 2013 WL 1915107, at *6 (S.D. Ohio May 8, 2013) (finding no genuine dispute of material fact existed as to exhaustion where defendants provided uncontested evidence that plaintiff failed to complete the three-step process), *report and recommendation adopted*, No. 1:12-cv-281, 2013 WL 2897875 (S.D. Ohio June 13, 2013); *Haney v. Henning,* No. 2:21-cv-11, 2022 WL 1299059, at *4 (E.D. Ky. Apr. 5, 2022) (same), *report and recommendation adopted*, No. 2021-11-WOB, 2022 WL 1297172 (E.D. Ky. Apr. 29, 2022); *Myers v. Daley*, No. 2:21-cv-87, 2022 WL 18213950, at *3–4 (E.D. Ky. Nov. 22, 2022) (same), *report and recommendation adopted*, No. 21-87-DLB-HAI, 2023 WL 137418 (E.D. Ky. Jan. 9, 2023); *Carr v. Lavender*, No. 2:10-cv-673, 2011 WL 5834967, at *1–2 (S.D. Ohio Nov. 21, 2011) (same).

Therefore, the Undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 19) be **GRANTED** and this action **DISMISSED without prejudice**. Because lack of exhaustion is a sufficient basis for granting Defendant's Motion, the Court declines to address Defendant's remaining grounds for summary judgment.

IV. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 19) be **GRANTED** and this action **DISMISSED without prejudice.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: June 27, 2024                                     /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE